UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62644-Civ-SCOLA

CARLOS ZELAYA, individually, and GEORGE GLANTZ, individually and as trustee of the GEORGE GLANTZ REVOCABLE TRUST, for themselves and on behalf of all those persons similarly situated

    Plaintiffs,
vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on the Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 12). For the reasons explained in this Order, the Motion to Dismiss is granted in part and denied in part.

### BACKGROUND[1]

The Plaintiffs, Carlos Zelaya, individually, and George Glantz, individually and as trustee of the Glantz Revocable Trust, brought this lawsuit against the United States alleging a claim of negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*. ("FTCA"). According to the Complaint, Robert Stanford operated a massive Ponzi scheme, selling fraudulent offshore certificates of deposit. Stanford allegedly created Stanford Group Company which primarily functioned to promote investment into the Ponzi scheme. In 1995, Stanford Group Company registered as a broker/dealer and investment adviser with the Securities and Exchange Commission and re-registered annually. Between 1997 and 2004, the Securities and Exchange Commission allegedly received numerous complaints that Stanford was operating a Ponzi

---

[1] The factual background is taken from the allegations set out in the Complaint, (ECF No. 1). A court ruling on a motion to dismiss must accept well-pled factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

scheme and conducted several investigations, concluding after each investigation that Stanford was operating a Ponzi scheme.

The Plaintiffs allege that the Securities and Exchange Commission was negligent in failing to take any action against Stanford's Ponzi scheme until 2009. Specifically, the Plaintiffs allege that the Securities and Exchange Commission was negligent when, after concluding that Stanford's company had been operating as a Ponzi scheme, it failed to notify the Securities Investor Protection Corporation about Stanford's company's illicit activities. The Plaintiffs rely on 15 U.S.C. § 78eee(a)(1) which reads: "If the Commission . . . is aware of facts which lead it to believe that any broker or dealer subject to its regulation is in or approaching financial difficulty, it shall immediately notify [Securities Investor Protection Corporation]." According to the Plaintiffs, the Securities and Exchange Commission did believe that Stanford's company was in or approaching financial difficulty, because Ponzi schemes by their very nature are insolvent at their inception (*i.e.*, the term Ponzi scheme is synonymous with the term "in or approaching financial difficulty").

The Plaintiffs also contend that the Securities and Exchange Commission was negligent in approving the annual registration of Stanford's company after it concluded that Stanford's company was engaged in a Ponzi scheme. The Plaintiffs rely on 15 U.S.C. § 80b-3(c), which permits an investment advisor to become "registered" by filing an application with the Securities and Exchange Commission. Under Section 80b-3(c), the Securities and Exchange Commission "shall" either grant the registration or "institute proceedings to determine whether registration should be denied." If, following proceedings, the Securities and Exchange Commission finds that the applicant would be subject to suspension or revocation than it "shall" deny the registration. According to the Plaintiffs, the fact that Stanford's company was being operated as a Ponzi scheme rendered it subject to suspension or revocation, and therefore the Securities and Exchange Commission was required to deny the re-registration.

## **LEGAL STANDARDS**

The Government filed its Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and a court will consider

"matters outside the pleadings, such as testimony and affidavits." *Lawrence*, 919 F.2d at 1529 (internal quotation marks omitted). However, where a factual attack on subject matter jurisdiction "also implicates an element of the cause of action" the court should find that jurisdiction exists and treat the motion as a direct attack on the merits of the plaintiff's case, proceeding under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1529 (citation omitted). When considering the government's motion to dismiss a FTCA case on the basis of the application of the discretionary function exception, a court should accept the plaintiff's allegations as true. *See Cranford v. United States*, 466 F.3d 955, 957 (11th Cir. 2006); *accord Mesa v. United States*, 123 F.3d 1435, 1437 (11th Cir. 1997).

## ANALYSIS

The Plaintiffs have alleged that the Securities and Exchange Commission was negligent by failing to follow two nondiscretionary statutory obligations. First, the Plaintiffs contend, the Securities and Exchange Commission was required, but failed, to notify the Securities Investor Protection Corporation after it concluded that Sanford's company was operating as a Ponzi scheme. Second, the Plaintiffs argue, the Securities and Exchange Commission negligently violated its statutory duty to deny Stanford's company's annual registration after concluding that Stanford's company was operating as a Ponzi scheme.

The Government argues that the Securities and Exchange Commission's actions fall under the discretionary function exception of the FTCA. The FTCA provides a limited waiver of the Government's sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 1346(b)(1). The discretionary function exception is a departure from the FTCA's waiver of immunity. *See* 28 U.S.C. § 2680(a). Under the discretionary function exception, the United States will not be held liable for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). If an alleged wrong falls within the discretionary function exception then the court lacks subject matter jurisdiction over the matter. *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.,* 224 F.3d 1260, 1263 (11th Cir. 2000).

To determine whether challenged conduct falls within the discretionary function exception, courts apply a two-part test. *United States v. Gaubert*, 499 U.S. 315, 323 (1991). First, the court determines whether the act is discretionary in nature. An act is discretionary if it

"involv[es] an element of judgment or choice." *Id.* Further, an act is nondiscretionary if a "federal statute, regulation or policy specifically prescribes a course of action for an employee to follow, and thus the employee had no rightful option but to adhere to the directive." *Autery v. United States*, 992 F.2d 1523, 1526 (11th Cir. 1993) (internal quotation marks omitted). Therefore, absent a fixed or readily ascertainable standard, conduct will be considered discretionary, within the discretionary function exception, and thus immune from suit. *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). Second, if the conduct is discretionary, the court will examine whether that conduct is "susceptible to policy analysis." *OSI, Inc. v. United States*, 285 F.3d 947, 950 (11th Cir. 2002) (internal quotation marks omitted). The exception does not require there to have been actual "weighing of policy considerations." *Id.* Thus, conduct that is either expressly or inherently discretionary is presumed "grounded in policy whenever that discretion is employed." *Id.*

### A. The Plaintiffs Have Adequately Alleged That The Securities and Exchange Commission Failed To Comply With a Nondiscretionary Duty to Report Stanford's Company To The Securities Investor Protection Corporation, Pursuant To 15 U.S.C. § 78eee(a)(1).

The Government argues that the Court lacks jurisdiction over the Plaintiffs' claim under 15 U.S.C. § 78eee(a)(1) based on the discretionary function exception because the determination of whether a broker/dealer is in or approaching financial difficulty is an inherently subjective determination that requires the exercise of judgment and discretion. (Mot. Dismiss 10, ECF No. 12.) Although the decision of when a broker/dealer is in or approaching financial difficulty is inherently discretionary, once that determination is made the requirement to report the broker/dealer to the Securities Investor Protection Corporation is not discretionary. In this case, the Plaintiffs allege that the Securities and Exchange Commission made the determination that Stanford's company was operating as a Ponzi scheme, and was therefore in or approaching financial difficulty. According to the Plaintiffs, having reached this conclusion the Securities and Exchange Commission failed to carry out the nondiscretionary duty of reporting Stanford's company to the Securities Investor Protection Corporation.

The Government's argument that a determination that Stanford's company was operating as a Ponzi scheme is not the same as a determination that the company was in or approaching financial difficulty is not convincing. A Ponzi scheme is a "fraudulent investment scheme in which money contributed by later investors generates artificially high dividends or returns for the

original investors. Money from the new investors is used directly to repay or pay interest to earlier investors, usually without any operation of revenue-producing activity other than the continual raising of new funds." *Black's Law Dictionary* 1278 (9th ed. 2009); *see also In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325, 1327 n.2 (11th Cir. 2002). If, as alleged by the Plaintiffs, the Securities and Exchange Commission concluded that Stanford's company was operating as a Ponzi scheme, then, by definition, it concluded that Stanford's company was in or approaching financial difficulty. When the Securities and Exchange Commission believes that a broker or dealer is in or approaching financial difficulty then it must report that broker/dealer to the Securities Investor Protection Corporation.

Accepting the Plaintiffs' allegations as true, the Securities and Exchange Commission was obligated to report Stanford's company to the Securities Investor Protection Corporation. This obligation to report was not discretionary because the controlling statue mandates that the report be made. The duty to report, following the finding of financial difficulty, does not involve any element of judgment or choice.

The Government suggests that the Securities and Exchange Commission had not concluded that Stanford's company was operating as a Ponzi scheme. That argument is more appropriately raised on summary judgment. If the Plaintiffs are unable to prove their allegations that the Securities and Exchange Commission concluded that Stanford's company was operating as a Ponzi scheme, then a dismissal for lack of jurisdiction would then be warranted. However, at this stage of the litigation the Plaintiffs' allegations are accepted as true. *Cranford v. United States*, 466 F.3d 955, 957 (11th Cir. 2006).

The Government also argues that even when the Securities Investor Protection Corporation is notified that a broker/dealer is in or approaching financial difficulty, the Securities Investor Protection Corporation is not obligated to take any action. The Government's point seems to be that the decision whether to institute proceedings against a broker/dealer is at the discretion of the Securities and Exchange Commission and the Securities Investor Protection Corporation. In other words, aside from the report from the Securities and Exchange Commission to the Securities Investor Protection Corporation, it was still a discretionary function regarding what the appropriate follow up to that report was. This argument is an attack on the Plaintiffs' theory of causation and is not properly considered on a motion to dismiss where the Plaintiffs' allegations are accepted as true. The Plaintiffs have alleged that they suffered

damages because of Securities and Exchange Commission's failure to report to the Securities Investor Protection Corporation that Stanford's company was in or approaching financial difficulty, after having concluded that the company existed as a Ponzi scheme.

### B. The Plaintiffs Have Not Adequately Alleged That The Securities and Exchange Commission Failed To Comply With a Nondiscretionary Duty Regarding Stanford's Company's Re-Registration As an Investment Advisor, Pursuant to 15 U.S.C. § 80b-3(c).

According to the Plaintiffs, the Securities and Exchange Commission breached a non-discretionary duty, under 15 U.S.C. § 80b-3(c), by failing to institute proceedings to determine whether Stanford's company's annual amendment to its investment advisor registration should be denied, and further by failing to deny the amendment to the registration. (Compl. ¶¶ 58, 61, ECF No. 1.) The Government argues that the Court lacks jurisdiction over this claim based on the discretionary function exception because (1) there is no duty owed by the Securities and Exchange Commission to grant or deny amendments to investment advisor registrations, and (2) even if there is a requirement to grant or deny these amendments, the decision of whether to grant or deny the amendments is within the discretion of the Securities and Exchange Commission. (Mot. Dismiss 12-13, ECF No. 12.) The Court agrees with both arguments presented by the Government.

When an investment advisor files an application to be registered with the Securities and Exchange Commission, the Commission "shall" either grant the registration or "institute proceedings to determine whether registration should be denied." 15 U.S.C. § 80b-3(c)(2). On its face, 15 U.S.C. § 80b-3(c) only requires the Securities and Exchange Commission to grant or deny an investment advisors initial application. Through regulation the Securities and Exchange Commission requires investment advisors to file annual amendments to this registration, however, neither the statute nor the regulation requires the Securities and Exchange Commission to take any action regarding these amendments. *Compare* 17 C.F.R. § 275.204-1 *with* 15 U.S.C. § 80b-3(c)(2). The Plaintiffs have not alleged that the Securities and Exchange Commission was negligent in granting Stanford's company's initial investment advisor application, filed in 1995. Rather, it is the Plaintiffs' contention that the Securities and Exchange Commission was negligent in granting, or failing to deny, Stanford's company's annual amendments to its investment advisor registration from 1997 onward. (*See* Compl. ¶ 28, ECF No. 1.)

The Plaintiffs are unable to articulate any duty owed by the Securities and Exchange Commission regarding reviewing or approving investment advisors' registration amendments. Without a statute or regulation prescribing a specific course of action for a federal employee to follow, any action or inaction by the Securities and Exchange Commission regarding the registration amendments was necessarily discretionary.

Even if the Securities and Exchange Commission owed a duty to act upon the registration amendments, as if they were initial applications, the decision whether to grant or deny a registration amendment is discretionary. The statute requires that the Securities and Exchange Commission either "grant" an investment advisor's application or "institute proceedings to determine whether [the] registration should be denied." 15 U.S.C. § 80b-3(c)(2). There is no fixed or readily ascertainable standard prescribing exactly how the Commission is to make the initial decision whether to grant an application or whether to institute proceedings. This decision necessarily relies upon the judgment of the Commission. Since this decision inherently allows discretion, it is presumed to be grounded in policy. *See OSI, Inc. v. United States*, 285 F.3d 947, 950 (11th Cir. 2002). Accordingly, even if the Securities and Exchange Commission owed a duty to take any action on an investment advisor's amendment to its registration under Section 80b-3(c)(2), the decision on what action to take falls within the discretionary function exception of the FTCA.

Finally, even if the Securities and Exchange Commission had a duty to evaluate an amendment to a registration, and if it decided not to grant the amendment but rather to institute proceedings to determine whether the amendment should be denied, that determination would depend upon the findings of the Securities and Exchange Commission regarding the investment advisor's compliance with the myriad of requirements outlined in Section 80b-3. The Commission's findings in this regard would be immune from suit under the discretionary function exception to the FTCA. Notably, the Plaintiffs do not allege that the Commission undertook a review of the amendment to the registration, and further undertook proceedings to determine whether the amendment should be denied, and determined that Stanford's company's amended registration would be subject to suspension or revocation under Subsection 80b-3(e), but then failed to deny the amendment.

## Conclusion

While the determination of whether a broker/dealer is in or approaching financial difficulty is inherently discretionary, once the Securities and Exchange Commission concludes that a broker/dealer is in or approaching financial difficulty a nondiscretionary duty to report this information to the Securities Investor Protection Corporation arises. However, the Securities and Exchange Commission's treatment of an investment advisor's amendment to its Section 80b-3 registration application involves an element of judgment grounded in policy considerations, and thus falls under the discretionary function exception of the FTCA.

For the reasons detailed in this Order, the Defendant's Motion to Dismiss (ECF No. 25) is **DENIED in part** with regard to the Plaintiffs' claims relating to the Securities and Exchange Commission's alleged breach of its duty under 15 U.S.C. § 78eee(a)(1). The Motion to Dismiss is **GRANTED in part** regarding the Plaintiffs' claims relating to the Securities and Exchange Commission's alleged breach of its duty under 15 U.S.C. § 80b-3(c). The Plaintiffs shall file an Amended Complaint on or before September 21, 2012, consistent with this Order. The Defendant's answer is due fourteen days after the Plaintiffs' Amended Complaint is filed.

Relatedly, the Plaintiffs' Motion for Leave to File Sur-Reply (ECF No. 25) and Motion for Hearing (ECF No. 26) are **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 7, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*