**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 11-62644-Civ-SCOLA

CARLOS ZELAYA, individually, and GEORGE
GLANTZ, individually and as trustee of the GEORGE
GLANTZ REVOCABLE TRUST, for themselves and
on behalf of all those persons similarly situated,

    Plaintiffs,
vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

Carlos Zelaya, individually, and George Glantz, individually and as trustee of the Glantz Revocable Trust, brought this lawsuit against the United States alleging a single claim of negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). The United States of America argues this Court lacks subject matter jurisdiction over this case because the Plaintiffs' claims are barred under the Misrepresentation Exception to the FTCA. The United States is correct. Its Motion to Dismiss is granted, and this matter is dismissed for lack of subject matter jurisdiction.

### BACKGROUND[1]

The Plaintiffs allege that, through the Securities and Exchange Commission's ("SEC") investigation, the United States uncovered a massive fraud. According to the Amended Complaint, Robert Stanford operated a Ponzi scheme, selling fraudulent offshore certificates of deposit, and promising unreasonably high rates of return. (Am. Compl. ¶ 1, ECF No. 39.) Stanford allegedly created the Stanford Group Company which primarily functioned to promote investments into the Ponzi scheme. In 1995, Stanford Group Company registered as a broker/dealer and investment adviser with the SEC. (Am. Compl. ¶ 27, ECF No. 39.) Between 1997 and 2004, the SEC received numerous complaints about Stanford's fraudulent activity. The SEC conducted several investigations, concluding after each investigation that Stanford was operating a Ponzi scheme. (Am. Compl. ¶ 28, ECF No. 39.)

---

[1] The factual background is taken from the allegations set out in the Amended Complaint, (ECF No. 1). A court considering a motion to dismiss must accept well-pleaded factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

The Plaintiffs assert that the SEC breached its duty "to notify" the Securities Investor Protection Corporation that Stanford's company was in financial difficulty.[2] (Am. Compl. ¶ 43, ECF No. 39.) According to the Amended Complaint, the Securities Investor Protection Corporation relies on the SEC "to notify" it about the financial insolvency of a broker or dealer. (Am. Compl. ¶ 44, ECF No. 39.) Citing 15 U.S.C. § 78eee(a)(1), the Plaintiffs allege that the SEC had a non-discretionary obligation "to notify" the Securities Investor Protection Corporation, but failed to do so. (Am. Compl. ¶¶ 45, 49, ECF No. 39.)

The SEC's negligence purportedly harmed the Plaintiffs. As alleged, the SEC had a duty to the Plaintiffs "to report" Stanford's Ponzi scheme to the Securities Investor Protection Corporation. (Am. Compl. ¶ 52, ECF No. 39.) The SEC's "failure [to report]" Stanford's Ponzi scheme contributed to the growth of the scheme because Stanford lured investors by claiming that his company was regulated and overseen by the SEC. (Am. Compl. ¶ 53, ECF No. 39.) As a result of the SEC's "failure to notify" the Securities Investor Protection Corporation that Stanford's company was in financial difficulty, Stanford was able to continue defrauding investors through his Ponzi scheme. The Plaintiffs are some of those defrauded investors.

In its first motion to dismiss, the United States argued that the Plaintiffs' claims should be dismissed because they were barred by the Discretionary Function Exception to the FTCA. This Court agreed that one of the Plaintiffs' theories of liability was grounded in a discretionary function of the SEC. *Zelaya v. United States*, 890 F. Supp. 2d 1311, 1317-1320 (S.D. Fla. 2012). But the Court concluded that the SEC had a duty to report Stanford's company to the Securities Investor Protection Corporation once the SEC determined that Stanford's company was in financial difficulty. *Id.* at 1316-1317. Under this reasoning the Plaintiff's claim could not be dismissed under the Discretionary Function Exception. The United States now seeks dismissal of this claim under the Misrepresentation Exception to the FTCA.

## LEGAL STANDARDS

The United States filed its Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks challenge jurisdiction while accepting the plaintiff's allegations as true for purposes of the motion. *Id.* at 1529.

In this case the United States has presented a facial attack on jurisdiction. (*See* Mot. Dismiss 4 n.3, ECF No. 47.) Accordingly, the Court will look and see if the Plaintiff has

---

[2] The Plaintiffs assert that "[b]y definition, a Ponzi scheme is insolvent at its inception," and is therefore in financial difficulty by its nature. (Am. Compl. ¶ 47, ECF No. 39.)

sufficiently alleged a basis of subject matter jurisdiction; the allegations of the Amended Complaint will be taken as true. *Lawrence*, 919 F.2d at 1529.

## ANALYSIS

The United States's liability is both established and limited by the FTCA. Any discussion of litigation against the United States must begin with the foundational principle that the United States and its agencies are shielded from suit under the doctrine of sovereign immunity. *JBP Acquisitions, LP v. United States ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Through the FTCA, the United States has provided a limited waiver of sovereign immunity. *Id.* The FTCA opens the United States up to liability "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). There are several exceptions to the FTCA that "must be strictly construed in favor of the United States." *JBP Acquisitions*, 224 F.3d at 1263. "If the alleged conduct falls within one of these statutory exceptions, the court lacks subject matter jurisdiction over the action." *Id.* at 1263-64.

The United States argues that the Plaintiffs' claim falls within the Misrepresentation Exception of the FTCA. The Misrepresentation Exception bars any claim "arising out of . . . misrepresentation, [or] deceit." 28 U.S.C. § 2680(h). "Section 2680(h) thus relieves the Government of tort liability for pecuniary injuries which are wholly attributable to reliance on the Government's negligent misstatements." *Block v. Neal*, 460 U.S. 289, 297 (1983). While the FTCA does not bar negligence actions which focus on "the Government's breach of a different duty," the FTCA does bar claims based on "the Government's failure to use due care in communicating information." *Id.*

For example, where the Government had taken on the responsibility of supervising the construction of a person's house, a claim that the Government failed to use due care in ensuring that the builder adhered to approved plans and cured any defects before completing construction was not barred by the Misrepresentation Exception. *Id.* at 297. On the other hand, where the Government inspected a home to determine its estimated value for the purpose of issuing mortgage insurance, the homeowners' claim that they overpaid for the home because they relied on the Government's appraised value was barred by the Misrepresentation Exception. *United States v. Neustadt*, 366 U.S. 696, 698-700, 710 (1961). As one court has explained, "[t]he intent of [Section 2680(h)] is to except from the Act cases where mere 'talk' or failure to 'talk' on the part of a government employee is asserted as the proximate cause of

damage sought to be recovered from the United States." *Nat'l Mfg. Co. v. United States*, 210 F.2d 263, 276 (8th Cir. 1954).

The Plaintiffs' have failed to maneuver their claim outside of the Misrepresentation Exception. The Plaintiffs argue that their claims are "not based on the SEC's lack of due care when communicating to [the Securities Investor Protection Corporation], but rather, its failure to complete the simple, operational task of sending a required notification to [the Securities Investor Protection Corporation] upon concluding that Stanford's operations were in or approaching financial difficulty." (Pls.' Resp. 12-13, ECF No. 56.) "The test in applying the misrepresentation exception is whether the essence of the claim involves the government's failure to use due care in obtaining and communicating information." *JBP Acquisitions*, 224 F.3d at 1264. "It is the substance of the claim and not the language used in stating it which controls whether the claim is barred by [a] FTCA exception." *Id.* (quotation omitted). "The misrepresentation exception encompasses failure to communicate as well as miscommunication." *Id.* at 1265 n.3.

The Plaintiffs' cause of action is based on the assertion that the SEC failed to communicate information about Stanford's company to the Securities Investor Protection Corporation. The Plaintiffs repeatedly characterize the SEC's wrongdoing as a failure to notify or report. (Am. Compl. ¶¶ 21, 43-45, 49-53, ECF No. 39.) The crucial element in the Plaintiffs' chain of causation is the alleged failure to communicate information about Stanford's company. The Plaintiffs cannot disguise the essence of their negligent misrepresentation claim by repackaging the SEC's alleged negligence from having failed to "notify" or "report" (as alleged in their pleading) to having failed to send the required notification (as written in their responsive brief). *Cf. Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990) (looking beyond the plaintiff's "characterization" of the claim to the actual conduct on which the claim is based).

One group of the cases relied upon by the Plaintiffs is distinguishable because those cases involve factual scenarios where the plaintiff is seeking to recover for the Government's alleged negligent performance of an operational task – as opposed to trying to hold the Government liable for negligently communicating information. *See, e.g.*, *Met. Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir. 2000) (addressing a case where the Government's alleged negligent act was failing to preserve and properly file the correct copy of an individual's life-insurance-beneficiary form); *JM Mech. Corp. v. United States*, 716 F.2d 190, 195 (3d Cir. 1983) (articulating the alleged actionable wrongdoing on the part of the United States as failing to secure valid performance and payment bonds on projects for which it guaranteed a mortgage); *Guild v. United States*, 685 F.2d 324, 326 (9th Cir. 1982) (finding the Misrepresentation

Exception was not applicable because the plaintiff alleged that the United States was negligent in designing and planning for a dam and reservoir).

A second group of cases relied on by the Plaintiffs is also distinguishable because they do not involve economic injury flowing from a commercial decision. *See, e.g.*, *Mandel v. United States*, 793 F.2d 964, 967 (8th Cir. 1986) (addressing a park ranger's negligence in failing to warn a swimmer of the danger of submerged rocks after the park ranger recommended a particular swimming area where the swimmer was later injured upon diving into the water and striking his head on a rock); *Lemke v. City of Port Jervis*, 991 F. Supp. 261, 263-64 (S.D.N.Y. 1998) (declining to hold that the Misrepresentation Exception barred a claim that a home-safety inspection was conducted negligently where the inspection failed to reveal lead plumbing that later caused substantial developmental difficulties to a small child living in the home); *McNeil v. United States*, 897 F. Supp. 309, 311-12 (E.D. Tex. 1995) (explaining that a claim against the Government for its failure to warn a family of a faulty smoke detector, resulting in a young child's death due to a house fire, was not barred by the Misrepresentation Exception).

The cases in the second group are examples of the commercial-decision distinction announced by the Supreme Court in interpreting Section 2680(h) of the FTCA. The tort of negligent misrepresentation has been confined largely to the invasion of financial or commercial interests in the course of business dealings. *United States v. Neustadt*, 366 U.S. 696, 711 n.26 (1961) (quoting William L. Prosser, Prosser on Torts § 85 Remedies for Misrepresentation at 702-03 (West Pub. Co., 1st ed. 1941)). Many forms of negligent conduct have an element of misrepresentation, such as where a driver gives a misleading turn signal that causes an auto accident, or where work foreman declares an area perfectly safe causing an inspector to proceed into an area where he is later injured by a dynamite blast. Prosser & Keeton on Torts, § 105 Remedies for Misrepresentation at 725 (W. Page Keeton, *et al.* eds., 5th ed. 1984). But misrepresentation, as a separate tort, exists to protect the economic interests of those who are induced to enter into disadvantageous business transactions through the fraud or misrepresentation of others. *Id.* at 726. The tort of misrepresentation is limited to situations where a misleading (or fraudulent) statement or action induces a person to make a financial or commercial decision, in the course of business dealings. *Id.* "The typical case . . . is one in which the plaintiff has parted with money, or property of value, in reliance upon the defendant's representations." *Id.* at 726-27; *see also Preston v. United States*, 595 F.2d 232, 239 (7th Cir. 1979) ("The test is not whether the injury was economic, but whether it resulted from a commercial decision based on a governmental misrepresentation.").

Given this framework, it is clear that the Plaintiffs' claim in this case falls within the rubric of the commercial-decision cases. The Plaintiffs complain that because of the SEC's failure to notify or report Stanford's Ponzi scheme to the Securities Investor Protection Corporation, they chose to invest in Stanford's company. In other words, the Plaintiffs claim is that they were induced into entering disadvantageous business transactions because of the SEC's misrepresentation. The Plaintiffs' cause of action is a classic claim for misrepresentation. As such, it is barred by Section 2680(h) of the FTCA.

The Plaintiffs do not, and cannot, analogize their case to *United States v. Block*, 460 U.S. 289 (1983). In *Block* the Court explained that although the Government "may have undertaken to both supervise construction of [plaintiff's] house and to provide [plaintiff] information regarding the progress of construction, [plaintiff's] action is based solely on the former conduct." *Block*, 460 U.S. at 299. In this case, the Plaintiffs do not allege (nor could they) that the SEC committed to investigate Stanford's company for them. The Plaintiffs' cause of action in this case is limited to the SEC's lack of communication to the Securities Investor Protection Corporation regarding Stanford's company. Here, the Plaintiffs' lawsuit is akin to the claim in *Block* that the Government failed to provide information regarding the progress of construction; a claim that the Court found was not actionable because of the Misrepresentation Exception. *See id.*

## CONCLUSION

As explained above, the wrongdoing alleged by the Plaintiffs on the part of the Government falls into the Misrepresentation Exception of the FTCA. As such this Court lacks subject matter jurisdiction over this matter. *See JBP Acquisitions*, 224 F.3d at 1263-64. Accordingly, it is **ORDERED** that the United States's Motion to Dismiss (ECF No. 47) is **GRANTED**. The Plaintiffs Amended Complaint is **DISMISSED** with prejudice. The Clerk shall **CLOSE** this case; any pending motions are denied as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 12, 2013.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**